IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRYAN ROCHA, #1746763 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15cv119 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding the petition for writ of habeas corpus should be denied and the case dismissed with prejudice. Petitioner filed objections.[1] The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. After conducting a de novo review of the objections raised by Petitioner to the Report, the Court concludes they are without merit.

Many of Petitioner's objections are simply reassertions of claims raised in his Section 2254 petition. Petitioner claims his trial counsel provided ineffective assistance by failing to withdraw his representation of Petitioner, and failing to impeach witnesses (Dkt. 31). The Magistrate Judge addressed each of these issues in the Report and concluded they provided no grounds for relief. (*See* Dkt. 30, pp. 20 - 25).

Petitioner also alleges "the police or who ever the male's voice [is] on the video" committed misconduct by encouraging the victim, in a video-taped interview, to implicate Petitioner (Dkt. 33). Petitioner raised this factual scenario in his petition, but referenced the victim's video-taped

---

[1] Petitioner filed a document entitled, "Motion to Objection" (Dkt. 31), and a document entitled, "Petitioner Statement to the Judge's Opinion" (Dkt. 33). In the interest of justice, the Court construes both documents as objections to the Report and Recommendation.

interview in the context of a conflict of interest/judicial bias argument (Dkt. 1, p. 6). Petitioner argued the trial judge was acquainted with the persons who allegedly coerced the victim and, thus, demonstrated bias in denying Petitioner's request for a change of venue. (*Id*.) The Magistrate Judge's Report correctly concludes Petitioner's argument does not merit relief.

Next, Petitioner alleges a police Detective (Detective Nichols) continued questioning Petitioner after he had requested an attorney. (Dkt. 31, p.1; 33, p.1). Petitioner did not raise this argument in his Section 2254 Petition, but mentioned it briefly in the memorandum in support of his petition (Dkt. 12, p. 3-4). Accordingly, the Court will address the issue. In Petitioner's objections, he states, "[I]n court the Det. Nichols testified to [Defendant's] right was broken after she admitted he asked a number of time[s] for a lawyer and she proceeded with her questions." (Dkt. 33, p.1). A close review of the record contradicts Petitioner's claim. Nowhere in Detective Nichols' trial testimony does she discuss questioning Petitioner after he requested an attorney. *See* Dkt. 15-8, pp. 67-71.

Moreover, the state habeas court considered this issue and rejected Petitioner's claim when it denied Petitioner's state habeas application. It stated:

> Applicant had appointed counsel throughout his trial and appeal (*see* State's Answer, Exhibits D, E).
>
> Applicant claims he asked a detective for a lawyer, but it is unclear what detective he is referencing and at what point in the investigation or trial he is referring (Application at 7).
>
> . . .
>
> Applicant has not pleaded any facts besides a vague reference to "the Detective" . . . and thus Applicant has not proven his claim . . . by a

> preponderance of evidence and is not entitled to relief (Application at 7). *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995).

Dkt. 15-12, pp. 66, 67.

Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). Petitioner fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter,* 562 U.S. 86, 98 (2011).

Petitioner also asserts that, in recommending dismissal of this petition, the Magistrate Judge "shows bias as to this court in her proceeding" (Dkt. 33). Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

It is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 554-55 (1994), *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Affidavits based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to show bias. *Henderson v. Dep't Pub. Safety and Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Plaintiff fails to submit an affidavit in support of his argument of bias. Additionally, Plaintiff fails to provide sufficient information in his

objections that would lead a reasonable person to conclude that the Magistrate Judge is biased against Plaintiff.[2]

It is therefore **ORDERED** the petition for a writ of habeas corpus (Dkt. 1) is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

It is further **ORDERED** all motions by either party not previously ruled on are **DENIED**.

**SIGNED this 26th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner also claims former Magistrate Judge Don Bush demonstrated bias and retaliated against him (Dkt. 31). While Magistrate Judge Bush was previously assigned to Petitioner's case, the case was reassigned to Magistrate Judge Kimberly C. Priest Johnson on September 8, 2016, after Magistrate Judge Bush retired from the Court.